

**PREPARATION FOR TRIALS: EFFECTIVE SEPT. 1, 2011**
**BEFORE THE HONORABLE M. CHRISTINA ARMIJO**

***WELCOME!*** *Your compliance with the instructions provided herein will keep your case on track and will help to make your trial run smoothly. The following topics are addressed below:*

I. *Pretrial Conference, Call of the Calendar, and Pretrial Timetable*
II. *Preparation of Jury Instructions*
III. *Trial and Courtroom Decorum*
IV. *General Instructions*

**I. PRETRIAL CONFERENCE, CALL OF THE CALENDAR, AND PRETRIAL TIMETABLE**

1. Throughout these instructions, the term "**Trial**" refers to commencement of the trailing docket, unless a firm trial setting has been established.

2. A "**Pretrial Conference**" will be held approximately one or two months before a civil trial. Parties shall be prepared to discuss all pending motions at the pretrial conference. This means the Court may ask you questions about the merits of your pending motions.

    a. At the pretrial conference, the parties should be prepared to state whether the case will be ready for trial, indicate whether they have any scheduling conflicts, estimate how long it will take to try the case, assess the possibility of settlement, and identify any anticipated problems that need to be resolved before commencement of trial.

    b. If the parties perceive any conflicts between these trial preparation instructions and the pretrial order, they shall be prepared to address them at the pretrial conference.

3. The term "**Call of the Calendar**" refers to a hearing scheduled a few working days before a trial, or as specified in the notice of jury selection and trial. A Call of the Calendar hearing is scheduled for both civil and criminal trials.

    a. At the Call of Calendar, the parties shall be prepared to address stipulations, deposition designations, objections to witnesses, objections to exhibits, objections to expert testimony, Motions in Limine, Rule 404(b) evidence, Rule 609(b) evidence, anticipated <u>Daubert</u> issues, and proposed voir dire. Also at the Call of the Calendar, the parties shall present the Court with original, signed stipulations, if any, in the form intended for presentation at trial. After hearing from counsel, the Court will, to the extent possible, decide and resolve all such outstanding pretrial matters and will announce the date your trial will commence on the trailing docket (unless the trial has been given a definite setting).

    b. Criminal defendants are required to be present with their counsel at all pretrial proceedings and the trial.

   c.  "Working days" do not include Saturdays, Sundays, or federal holidays.

4. The pretrial deadlines listed below apply unless specifically modified by order of the Court. **Counsel must seek leave of the Court in the form of a written motion to extend or be excused from any pretrial deadline. Motions to extend deadlines must address how the extension will affect other case management deadlines, including the trial date.**

5. In the event that any case-management deadline or requirement will result in a violation of a criminal defendant's rights, or for other good cause shown, the parties should approach the Court to seek relief from such deadline or requirement before it takes effect. The Court recognizes that criminal defendants are not under any obligation to testify or present any evidence at trial.

| Event | Filing Deadlines | Comment |
|---|---|---|
| **Identification of Exhibits and Exhibit Lists** | Thirteen (13) working days before the Call of the Calendar | Exhibits shall be marked and identified before trial (Government's/Plaintiff's exhibits by numbers and Defendant's exhibits by letters). Once an exhibit has been assigned an exhibit number or letter, it shall retain the same number or letter on all amended exhibit lists and throughout the trial, even if it is later withdrawn.<br><br>Counsel shall complete an exhibit list using the Court's "Exhibit List" form, which can be downloaded from Judge Armijo's chambers website at: www.nmcourt.fed.us.<br><br>The Court requires that all names of minor children, home addresses of individuals, and personal data identifiers (including dates of birth, Social Security numbers, tax identification numbers, and financial account numbers) must be redacted from any exhibit that is filed with the Court as required under Fed. R. Crim. P. 49.1.<br><br>Each party's completed exhibit list, along with an appropriate cover sheet, **shall be e-filed with the Clerk, and a copy of the exhibit list in WordPerfect or rich.txt format shall be submitted via e-mail to: mcaproposedtext@nmcourt.fed.us**.<br><br>At the Call of the Calendar, the parties shall be prepared to argue any objections previously raised with respect to exhibits. The Court will rule on objections at that time to the extent it is able to do so. Should a party believe that a large block of time is required to resolve evidentiary matters, the party should alert the Court and the Court will schedule a hearing date prior to the Call of the Calendar. |

| | | |
|---|---|---|
| **Exhibit Binders Delivered to Court** | Thirteen (13) working days before the Call of the Calendar | **A binder containing a hard copy of all documentary or photographic trial exhibits that complies with the following requirements must be delivered to chambers**: There must be a numbered index to each set of exhibits which lists and identifies each exhibit in the same manner as the exhibit list filed with the Court, and unless otherwise directed by specific order of the Court, physical evidence or original material requiring maintenance of a chain of custody shall not be submitted to the Court with the exhibit binders before trial. |
| **Witness Lists** | Thirteen (13) working days before the Call of the Calendar | A complete list of witnesses to be called at trial shall be **e-filed** with the Clerk by the deadline. The order of witnesses is not binding but known witnesses not listed in accordance with this procedure may not be allowed to testify.<br><br>In criminal trials, if these disclosure deadlines pose a danger to potential witnesses, will result in a violation of a Defendant's rights, or for other good cause, the parties should approach the Court to seek relief from this requirement prior to the deadline. |
| **Depositions** | Thirteen (13) working days before the Call of the Calendar | Consistent with the rules of procedure, depositions may be introduced into evidence. Notify opposing counsel and the Court of such intended use of depositions by the deadline. If a deposition is used in part, counsel shall mark the parts to be used for the Court and opposing counsel. Plaintiff will use a yellow marker and defendant a blue marker. This does not apply to cross-examination or rebuttal. |
| **Daubert Motions** (This deadline applies to criminal trials, for civil deadlines see the *Scheduling Order* filed by the presiding Magistrate Judge) | Thirteen (13) working days before the Call of the Calendar | Parties must provide advance notice of intent to introduce or challenge expert testimony so that the Court has sufficient time before trial to schedule a Daubert hearing if necessary. When calling an expert witness, it is the responsibility of counsel to establish his/her qualifications to express an opinion under Rule 702 after which counsel must move for his/her acceptance by the court as an expert. Counsel must inform the Court of the particular field in which counsel offers the witness as an expert. |

3

| | | |
|---|---|---|
| **Notice of Rule 404(b) or Rule 609(b) Evidence** | Thirteen (13) working days before the Call of the Calendar | The Government must provide advance notice of its intent to offer evidence under Fed. R. Evid. 404(b) and/or 609(b), so that the Defendant has a fair opportunity to challenge the admissibility of such evidence by the deadline for filing motions in limine. |
| **Motions in Limine and Other Motions Regarding Admissibility of Evidence** | Thirteen (13) working days before the Call of the Calendar | All motions in limine and other motions regarding the admissibility of evidence must be fully briefed by the specified deadline so that the Court has sufficient time to review the motion papers, hear argument, and rule on the motion by no later than the Call of the Calendar. |
| **Objections to Exhibits** | Eight (8) working days before the Call of the Calendar | You must specify the Rule of Evidence and case/legal authority upon which your objection is based. |
| **Objections to the Use of Deposition Testimony** | Eight (8) working days before the Call of the Calendar | Opposing counsel shall e-file with the Clerk objections to any material. |
| **Responses to Daubert Motions and Notices of Intent to Introduce Expert Testimony** | Eight (8) working days after the *Daubert* motion or notice is filed | Briefing on a *Daubert* motion is deemed to be complete upon the filing of the response. The Court does not await the filing of a reply brief before proceeding to hear the motion. |
| **Responses to Motions in Limine and Other Motions Regarding Admissibility of Evidence** | Eight (8) working days after the motion is filed | Briefing on a motion in limine or other motion regarding the admissibility of evidence is deemed complete upon the filing of the response. The Court does not await the filing of a reply brief before proceeding to hear the motion. |
| **Responses to Objections to Exhibits and the Use of Deposition Testimony** | Five (5) working days before the Call of the Calendar | Counsel shall e-file with the Clerk responses to opposing counsel's objections to exhibits or use of deposition testimony. |

| | | |
|---|---|---|
| **Joint Statement of the Case** | Five (5) working days before the Call of the Calendar | In civil cases, the Court directs counsel to submit a Joint Statement of the Case which briefly and objectively summarizes the nature of the case and the parties' contentions, and which the Court may use to introduce potential jurors to the case during voir dire.<br><br>In criminal cases, parties must inform the Court if they object to the Indictment being read to potential jurors during voir dire. If they do object, counsel must submit a redacted version of the indictment or a joint statement of the case which briefly and objectively summarizes the nature of the case and the parties' contentions, and which the Court may use to introduce potential jurors to the case during voir dire and in the reading of preliminary instructions to the seated jury. |
| **Proposed Voir Dire** | Five (5) working days before the Call of the Calendar | The Court will conduct voir dire. The Court may also permit counsel to voir dire the venire panel. |
| **Objections to Voir Dire** | Three (3) working days before the Call of the Calendar | The parties shall be prepared to argue any objections to proposed voir dire at the Call of the Calendar. |
| **Jury Instructions and Verdict Forms** | Three (3) working days before the Call of the Calendar | See instructions below |
| **Proposed Findings of Fact and Conclusions of Law (Non-Jury Civil)** | Three (3) working days before the Call of the Calendar | Findings of fact and conclusions of law shall be e-filed with the Clerk, with references to exhibits and proposed testimony. **Each party shall also submit the proposed findings and conclusions via e-mail to mcaproposedtext@nmcourt.fed.us. in a Wordperfect or rich.txt format**. |
| **Trial Briefs** (Bench Trials) | Three (3) working days before the Call of the Calendar | Trial briefs are mandatory in the case of bench trials. Trial briefs should be e-filed with the Clerk and outline the basic legal theories, anticipated evidence in support of such theories, and the legal basis of any anticipated evidentiary disputes with citations to the legal authority. |

| **Training on Courtroom Technologies** | Prior to the Call of the Calendar | The *Chama* Courtroom is equipped with a Digital Evidence Presentation System. To the extent counsel needs additional information regarding the use of this technology, they should contact Adam Bustos, Administrative Services Specialist, at 348-2066 and request training on the equipment. |
|---|---|---|

## II. PREPARATION OF JURY INSTRUCTIONS

**The parties must prepare all proposed Jury Instructions in accordance with these directions:**

1. Counsel must meet and confer prior to the deadline for submission of instructions and make a good faith effort to agree on the submission of all non-standard instructions (*e.g.*, elements of the crime charged, special defenses, etc.). The parties shall e-file one set of non-standard instructions upon which they agree by the submission deadline. Requested non-standard instructions upon which the parties cannot agree must be e-filed separately by each party by the submission deadline.

2. Judge Armijo has approved and adopted a set of stock instructions for criminal cases that is available on the chambers website (www.nmcourt.fed.us) or from the U.S. District Court Clerk's office. Please do not submit requested instructions which duplicate the Court's stock instructions. When requesting a stock instruction, you may simply refer to it by number and topic, without repeating the full text of the instruction.

3. Parties shall e-file an original set of mutually approved and individually proposed instructions (if any) *with citations*. The proposed instructions shall cite authority at the bottom of each instruction.

4. In addition to the proposed jury instructions e-filed with the Clerk, the parties shall submit a copy of their mutually approved and individually proposed jury instructions in WordPerfect or rich.txt format to the following e-mail address: **mcaproposedtext@nmcourt.fed.us**.

5. The parties shall submit a proposed verdict form with their proposed instructions. If the parties agree on a proposed verdict form, they must submit it with their agreed non-standard instructions. If the parties do not agree, then they each shall submit a proposed verdict form with their individually proposed instructions.

6. The parties shall submit only one requested Jury Instruction per page. Instructions must be double-spaced.

7. The parties shall submit a cover sheet on all sets of proposed instructions.

8. The parties shall carefully proofread each instruction for errors in spelling, grammar, punctuation, and citations. When a proposed instruction is based on a specific case, include both the page on which the source begins and the page on which the specific material appears.

### III. TRIAL AND COURTROOM DECORUM

1. Your timely appearance at each court session is important.

2. Trial engagements take precedence over any other business. Should you have matters set in other courtrooms, please be sure to make other arrangements in advance for the handling of such matters.

3. Each party is responsible for securing the timely appearance of witnesses and clients.

4. Counsel shall always have witnesses available to fill a full court day (*i.e.*, 8:30 a.m. to 5:00 p.m.).

5. Court time may not be used for marking exhibits. This must be done in advance of the court session.

6. Any exhibits not admitted **may not** be shown or otherwise disclosed to the jury, or commented upon, unless and until the proper foundation is made, objections are resolved outside the presence of the jury, and they are formally admitted.

7. Under no circumstances are you to attempt to communicate in any manner with any member of the jury prior to or during trial. Your staff, clients, witnesses, or other persons associated with your case should also be so instructed.

8. Do not argue the case or discuss law in your opening statement. Your opening statement should present a concise summary (a roadmap) of the ultimate facts to be proved.

9. Please stand at the lectern when you question witnesses.

10. If you intend to question a witness about a group of documents, avoid delay by having all the documents with you when you start the examination.

11. Always refer to parties, attorneys, and witnesses by last name (e.g., Mr. Smith, Ms. Jones).

12. When you object in the presence of the jury, make your objections short and to the point. "Speaking" objections will not be allowed. Cite the Rule of Evidence or common designation for your objection (*e.g.,* "hearsay"). Do not argue the objection or make substantive motions (*e.g.*, a motion for a mistrial or a judgment of acquittal) in the presence of the jury. Such matters may be raised at a bench conference.

13. Do not argue with the ruling of the Court and refrain from thanking the Court following a ruling.

14. Whether in opening statements or in questions to witnesses, Counsel shall not introduce topics that may have a significant potential for unfair prejudice, such as comments on a defendant's silence, invocation of constitutional rights, or evidence that may fall under Rules 404(b), 608 or 609. These matters must be raised outside the presence of the jury.

15. The Court is sensitive to the need for practitioners to make a clear record, both at trial and in motion practice.

16. The Court will instruct the jury before closing arguments.

17. Please remember to seek leave of the Court should you deem it necessary to leave the courtroom.

## IV.  ADDITIONAL HELPFUL INSTRUCTIONS

1. Be truthful with the Court and all counsel, honest in your submissions, and respectful in demeanor. Protect your integrity at all costs.

2. If minor scheduling matters or other non-dispositive matters require Court clarification, request a telephonic status conference with the court. You are encouraged to request such conferences and the Court will always make time available to consider these matters.

3. Avoid contacting law clerks. Contact the Courtroom Deputy (CRD) if you have questions regarding scheduling matters. Chambers staff should not be contacted regarding questions as to the merits of your case or to seek advice or guidance regarding the handling of a particular matter. All scheduling matters should be addressed to the CRD, but any other requests or matters should be made in writing, in accordance with the applicable rules, and with notice to opposing counsel. *Ex parte* communications are not encouraged or invited, regardless how trivial the topic may appear to be.

**ANY QUESTIONS CONCERNING THE APPLICATION OF THESE GUIDELINES SHOULD BE DIRECTED TO JUDGE ARMIJO'S COURTROOM DEPUTY, MS. BEVEL-ERWIN, AT (505) 348-2314.**